In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00013-CV
______________________________


ERIC CARSON WYNN, Appellant
 
V.
 
HEATHER JOHNSON, Appellee


                                              

On Appeal from the 307th Judicial District Court
 Gregg County, Texas
Trial Court No. 2003-834-DR


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N
            The parties agree that Eric Carson Wynn was finally convicted of sexually assaulting Heather
Johnson, who, at about the time of the assault, conceived a child. After his conviction, Wynn
initiated this separate proceeding under Chapter 160 of the Texas Family Code, the "Uniform
Parentage Act," to establish the parent-child relationship with Johnson's child. In the same
proceeding, however, Wynn alternatively sought DNA testing under Chapter 160


 to show that he
was not the child's father, thereby, he argues, undermining the sexual assault conviction. From the
trial court's dismissal of Wynn's action,


 and with a limited record, Wynn appeals on the sole issue
that the trial court's dismissal of the action denied Wynn the due process of law guaranteed by the
United States Constitution. We affirm the trial court's dismissal because we hold that Wynn was not
denied the due process of law.
            Unlike parental rights termination proceedings, there is no statutory right to counsel under
the genetic testing provisions of the Texas Family Code. Compare Tex. Code Crim. Proc. Ann.
art. 64.01(c) (Vernon Supp. 2006) (post-conviction DNA testing; indigent's statutory right to
appointment of counsel) with Tex. Fam. Code Ann. §§ 160.601, 106.603–.606, 106.611,
106.621–.632, 106.634–.637 (Vernon 2002), §§ 106.602, 160.607–.608, 160.612, 106.633 (Vernon
Supp. 2006) (parentage proceedings; no statutory right to appointment of counsel).
            Wynn cites Section 24.016 of the Texas Government Code as authority that he should have
been appointed counsel. That section is not applicable, not mandating the appointment of counsel,
but merely stating that a court "may appoint counsel" in an appropriate civil case. See Tex. Gov't
Code Ann. § 24.016 (Vernon 2004).
            Wynn is partially correct in his next paragraph, namely his claim that Section 107.013 of the
Texas Family Code requires appointment of counsel in parental rights termination cases. That
section requires appointment of counsel for indigent parents against whom a government entity seeks
termination of their parental rights. See Tex. Fam. Code Ann. § 107.013(a) (Vernon Supp. 2006). 
This section is also inapplicable to Wynn's case, because no government entity sought termination
of his parental rights.
            Finally, without citing to the source of the quote, Wynn makes his sole constitutional
argument: "When deprivation of parental [rights] status is at stake, counsel is part of the process that
is due." After finding the source of Wynn's quote, we noticed an important omission from Wynn's
version of the quote. The proper quote is, "When deprivation of parental status is at stake, however,
counsel is sometimes part of the process that is due." M.L.B. v. S.L.J., 519 U.S. 102, 123 (1996)
(emphasis added). The important point is that there is no blanket rule requiring appointment of
counsel for indigent parents whose parental rights are being terminated. M.L.B. cites to Lassiter v.
Dep't of Social Servs., 452 U.S. 18, 30–33 (1981), which calls for a case by case weighing of various
factors to determine whether, before termination of parental rights can be ordered, counsel must be
appointed for an indigent parent.


 But we need not engage in that weighing process. Wynn has not
been denied due process, because his parental rights, if any, have not been affected. That is because
the entire action, including Johnson's counterclaim for termination of Wynn's parental rights, was
dismissed, along with Wynn's suit to establish a parent-child relationship and, alternatively, for DNA
testing. 
 
 
 
            There was no error in dismissing the case without appointing counsel to represent Wynn. 
We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          August 14, 2006
Date Decided:             August 24, 2006